**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUNFANG CHEN,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-2004<br><br>Agency No.<br>A212-957-615<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2024**
Honolulu, Hawaiʻi

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Yunfang Chen, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals (BIA) dismissing an appeal from an

order of an Immigration Judge (IJ) denying her claims for asylum, withholding of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

When the BIA adopts the decision of the IJ and also provides its own reasoning, we review both the BIA and IJ decisions. *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)); 8 U.S.C. § 1252(b)(4)(B).

We agree with the BIA that substantial evidence supports the IJ's finding that Chen's testimony was not credible. In affirming the adverse credibility determination, the BIA cited the specific bases upon which the IJ relied, including numerous inconsistencies and omissions in Chen's testimony and documentation, Chen's prior visa fraud and lack of candor regarding the fraud, the lack of corroborating evidence, Chen's inconsistent statements during her asylum interview, and Chen's lack of religious fervor, knowledge, interest, and devotion. Once Chen's testimony is treated as noncredible, the remaining evidence does not establish entitlement to asylum, withholding of removal, or CAT relief.

**DENIED.**